IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISMAEL HERNANDEZ PADILLA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-12-CV-2394-P |
| | § | |
| LYNN PRIDE-RICHARDSON, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Ismael Hernandez Padilla, a Texas prisoner, against the Dallas County District Attorney, the Dallas County Public Defender, and his former attorney. On July 17, 2012, plaintiff tendered a complaint to the district clerk along with a print out of his inmate trust account statement. Because the information provided by plaintiff indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this case should be summarily dismissed as duplicative pursuant to 28 U.S.C. § 1915(e)(2).

II.

As best the court can decipher his complaint, plaintiff appears to allege that his 1983 conviction for aggravated robbery, for which he is serving a 50-year prison sentence, was the result

of a conspiracy between the Dallas County District Attorney's Office, the Dallas County Public Defender's Office, and his criminal defense lawyer to obtain a coerced confession and deny him a polygraph test and a psychiatric evaluation. (*See* Plf. Compl. at 4, ¶ V & Attch.). By this suit, plaintiff seeks unspecified money damages and immediate release from custody. (*Id.*).

A.

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *See Neitzke*, 109 S.Ct. at 1831. A claim may be deemed to lack an arguable basis in fact only if it is based upon factual allegations that are clearly fanciful or delusional in nature. *See Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A complaint that duplicates claims asserted in an earlier case may be deemed malicious and subject to summary dismissal. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849-40 (5th Cir.), *cert. denied*, 110 S.Ct. 417 (1989).

B.

This is the second time plaintiff has raised these claims in a federal lawsuit. A prior action brought by plaintiff asserting identical claims against the same defendants was dismissed earlier this year. *See Padilla v. Pride-Richardson*, No. 3-12-CV-0486-B (N.D. Tex. Apr. 12, 2012), *appeal filed*, May 31, 2012 (No. 12-10467). The court therefore concludes that the instant action should be summarily dismissed as duplicative under 28 U.S.C. § 1915(e)(2). *See Pittman*, 980 F.2d at 995; *Wilson*, 878 F.2d at 849.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 19, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE